## BOYD v. SPENCER et al., receivers.

1. When a common carrier issues to a person a ticket between two points along its line of road, receiving the full amount the carrier is lawfully authorized to charge for such ticket, and there is no express contract between them as to the time in which the ticket shall be used, the carrier is bound to carry the person between the points designated, at any time before the right of the purchaser would be lost under the law by lapse of time.

2. An entry on the ticket to the effect that it must be used within a time therein specified does not make an express contract, unless the purchaser at the time the ticket was delivered knew of the entry and assented to its terms. Whether or not a carrier could, by express agreement with the purchaser, limit the time in which a ticket for which full fare has been charged could be used, is not now decided.

Argued February 15, — Decided June 8, 1898.

Action for damages. Before Judge Fite. Whitfield superior court. April term, 1897.

*Jones, Martin & Jones*, for plaintiff.
*Shumate & Maddox*, for defendant.

Cobb, J. Boyd sued the receivers of the railroad company for damages alleged to have been sustained on account of their refusal to honor a ticket for passage on their train, and ejecting him therefrom. It appears from the evidence, that the plaintiff bought and paid full fare for the ticket in question, from the agent of the defendants at Dalton. The ticket had stamped upon it a statement that it would expire by midnight of the next day; but plaintiff's attention was not called to this fact by the agent, and he did not find it out until sometime afterward. After buying the ticket the plaintiff discovered that he had made a mistake as to the ticket, he having intended to purchase one on another train which left Dalton about the same time for Atlanta, the place of his destination. Upon discovering the mistake he tendered the ticket to the agent, with a request that his money be refunded, which was refused. About three weeks after the purchase plaintiff attempted to use the ticket on defendants' train, but the conductor refused to receive it, and compelled him to leave the train. At the conclusion of the plaintiff's testimony the court granted a nonsuit, and the plaintiff excepted.

1. A ticket issued to a passenger by a common carrier does not constitute the contract between the parties unless made so by express agreement. It is in the nature of a receipt for the passage-money, and is generally only a token the purpose of which is to enable the carrier to recognize the bearer as the person entitled to be carried. Any other system by which the business of the carrier would be equally facilitated would answer the same purpose as the ticket system. Ray on Passenger Carriers, § 145, p. 515; Fetter on Carriers of Passengers, § 275; Quinby v. Vanderbilt, 17 N. Y. 306.

In the absence of any express agreement as to the time in which the ticket may be used, it would undoubtedly entitle the purchaser to a passage over the road of the carrier issuing the same, at any time within the period in which the contract entered into between them might be enforced. Fetter on Carriers of Passengers, § 285; Hutchinson on Carriers, § 576. Railroad Company v. Spicker, 105 Pa. St. 142. The question for decision in the present case is, whether or not a ticket for which full fare has been paid, and which has a limitation as to time stamped thereon, but of which the purchaser has no notice at the time of the purchase, would entitle such purchaser to a passage on the road of the carrier issuing the ticket, after the time stamped on the ticket has expired. As above stated, the carrier would be bound to carry the purchaser of an unlimited ticket over its line of road at any time before the rights of such purchaser would be lost under the law. Section 2276 of the Civil Code provides that "A common carrier can not limit his legal liability by any notice given, either by publication or by entry on receipts given or tickets sold. He may make an express contract, and will then be governed thereby." The ticket in the present case not being the contract between the parties, because not made so by express agreement, no limitation as to time stamped thereon will be binding on the purchaser. See *Phillips* v. *Georgia Railroad Co.*, 93 *Ga.* 356. The testimony for the plaintiff makes substantially this case: He purchased a full-fare ticket without any notice of limitation as to time, and did not discover this fact until sometime afterward. Relying upon the absence of any special contract as to the time

in which the ticket might be used, he boarded the train of the defendants and sought to secure a passage thereon on the faith of the ticket. Upon presentation of the ticket passage was refused, and upon his refusal to pay the fare demanded he was ejected from the train. Under these facts we think he was entitled to go to the jury.

It may be that where under an express agreement a ticket is sold at less than the usual rates, on condition that it shall not be used after a specified time, a purchaser would be bound by such a stipulation. The question in the present case, however, is not whether a carrier can by express agreement limit the time in which the ticket shall be used, but whether under the plaintiff's evidence it has been shown that he is not entitled to recover because a special contract had been made with him limiting the time in which his ticket should be used. A ticket without a limitation as to time being good for use any time within the statute of limitations, the burden of showing that there was an express contract limiting its use to a certain time is on the carrier. In order to make a prima facie case in controversies of the character now under consideration, it is only necessary for the plaintiff to prove that he had a contract of carriage which has been disregarded by the defendant. The carrier might defend by showing an express contract limiting the time in which it was to be performed. The plaintiff could, however, successfully meet this defense by proving that he had no notice of a limitation upon the ticket and did not assent to the same. The issues thus raised are properly for determination by a jury. The case of *Lewis* v. *W. & A. Railroad Co.*, 93 *Ga.* 225, does not conflict with the ruling here made. In that case the purchaser was furnished by the railroad agent with the character of ticket which he was accustomed to buy, from which knowledge of its contents might have been reasonably inferred, and the ticket was sold at a reduced rate. The evidence in the record showing that a prima facie case for the plaintiff was made out, it was error to grant a nonsuit.

*Judgment reversed. All the Justices concurring.*