CENTRAL OF GEORGIA RAILWAY CO. *v.* RICKS.

One who purchased a railway-ticket having upon its face an express stipulation that it would be good for passage only during a specified period of time, and who in consideration of its being sold to him at a reduced rate assented to this stipulation, had no lawful cause of complaint against the railway company for ejecting him from a train, after the expiration of that period, upon his refusal to pay fare.

Argued November 2, — Decided November 30, 1899.

Action for damages.   Before Judge Butt.   Sumter superior court.   November term, 1898.

*William D. Kiddoo*, for plaintiff in error.

LUMPKIN, P. J.   The defendant in error, Ricks, purchased from the agent of the railway company at Americus a ticket, known as a "Sunday excursion ticket," from that point to Macon and return, paying therefor a reduced rate of fare.   Upon the face of this ticket was a stipulation that it was "good for one continuous passage returning to destination until Monday noon next following date of sale, as indicated in margin below, [and] beyond the station scheduled up to that time, conductor will collect fare."   The final limit of the ticket, as indicated upon the margin thereof, was 12 o'clock noon on Monday, March 21, 1898.   The purchaser boarded the train of the railway company leaving Macon at 11:20 a. m. on the day last mentioned, which was scheduled to arrive at Americus at about 2 o'clock that afternoon.   After the hour of 12 o'clock had arrived, the conductor demanded fare of Ricks for the remainder of his journey, and, payment being refused, ejected him from the train at an intermediate station.   He subsequently brought an action against the company and obtained a verdict, and the question here presented is, whether or not the recovery was lawful. In addition to the facts above stated, it appeared at the trial that Ricks was fully aware of the character of the ticket he purchased, and that he assented to the above-mentioned stipulation thereon.   This conclusion was demanded by his own testimony as a witness in the case.   He had, upon a previous occasion, while holding a similar ticket, been ejected from a train of the company because of his refusal to pay fare after the expiration of the time limit of that ticket; and, among other things, testified at the trial now under review that he purchased the very ticket then in question at a reduced price from the regular rates, because of the fact that it was cheaper — necessarily meaning that it was sold at a lower rate than tickets unlimited as to time.   Ricks, therefore, is simply in the attitude of having entered into a contract with the railway company that this ticket should not be good for passage on its trains

after 12 o'clock noon of the day upon which he was expelled from the train. Manifestly, therefore, his recovery was contrary to law, for it was in the face of his own agreement, by which he was certainly bound.

This case is clearly distinguishable from that of *Boyd* v. *Spencer*, 103 *Ga.* 828, for the company's defense did not, in this instance, rest upon the idea that it had a right to limit its liability by a mere printed stipulation upon a ticket of which the purchaser did not know and to which he did not assent, but upon the widely different proposition that it was simply enforcing against Ricks an express contract, based upon a valuable consideration, and mutually binding upon him and upon it.

*Judgment reversed. All the Justices concurring.*